Taliaeerro, J.
At a probate sale of property of the succession of James Frost and his wife, Elmira E. Ragan, both deceased, made in July, 1859^ Miles A. McLeod became the purchaser of a house and lot in the town of Thibodeaux. In conformity with the terms of sale, McLeod executed three several promissory notes, with one surety bound with him in solido. A special mortgage containing the pad de non alienando and the the vendor’s privilege were retained on the property, in favor of the succession. The notes were drawn payable to the order of John C. Ragan, tutor. In November, 1865, James A. Frost having attained the age of majority, made a partial settlement with his tutor, and received in part of the amount coming to him from the succession of his parents, two of the notes of McLeod, on which there was then due $1,538 70. He proceeded to enforce the payment of these notes by taking out an order of seizure and sale of the mortgaged premises. He provoked the appointment of a curator ad hoc to represent McLeod, who was an absentee. The property was sold, and Evanste Maronge became' the purchaser and received the title. The curator ad hoc took a devolutive appeal from the order of seizure and sale, pending which Maronge, the purchaser, obtained a monition, which was duly advertised. The curator filed an opposition to the homologation of the monition, and stated various grounds for the opposition. The monition was duly homologated by the Court, and the opponent has appealed.
The several objections to the alleged illegalities in the proceedings, by which the order of seizure was taken out, and by reason of which, it is argued, the sale is null, are clearly untenable, as a party is not allowed to attack collaterally a judgment, as in this case, by an opposition to a mpnition. 2N. S. 292. 14 L. 214. 19 L. 198.
The assignment of the two notes sued upon by Ragan, tutor, to Frost, is objected to as contravening Article 355 of the Civil Code. The provisions of that article seem to be exclusively for the benefit of the minor. In this case the minor, now of full age, seeks to give effect to the agreement made with his tutor, by enforcing the obligations acquired from him.
But, the property mortgaged having been sold, and a vested right acquired in it by virtue of its adjudication to Maronge at the judicial sale, the defendant can no longer maintain the pretension of ownership. The appeal taken from the order of seizure and sale was only devolutive. -It did nokprevent the execution of the order. A sale of the property under *70 execution was made, and tlie purchaser acquired a title to it, which would not be divested by a reversal of the judgment. This principle is well settled in our jurisprudence. See N. S. 8 vol. p. 214 ; J. Rob. 94; 2 An. 211.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.